*Kinney, Ballou & McClanahan* for respondent.

---

### SARAH YOWELL *v.* MANUEL GOMES.

APPEAL FROM CIRCUIT JUDGE, THIRD CIRCUIT, IN CHAMBERS.

SUBMITTED SEPTEMBER 18, 1900.     DECIDED OCTOBER 29, 1900.

FREAR, C.J., GALBRAITH AND PERRY, J.J.

The evidence in this case held sufficient to support the findings of fact made by the trial court.

OPINION OF THE COURT BY PERRY, J.

This is an action of replevin instituted in the District Court of North Kona, Island of Hawaii, wherein the plaintiff prays for restitution of nine head of cattle valued at the sum of eighty-six dollars and for twenty-five dollars damages for their detention. From the judgment of the District Magistrate an appeal was noted to the Circuit Judge of the Third Circuit in chambers. After trial, the latter tribunal rendered a decision, ordering restitution of the cattle to the plaintiff, without damages. From this decision defendant appealed to this court.

The statute of 1898, Act 44, which permits an appeal from the decision of any District Magistrate to the Circuit Judge of the same circuit in chambers, provides that "in all such cases so appealed no other or further appeal on any question of fact shall

be allowed." Upon this appeal, then, if it has been properly taken, questions of law only are open for consideration and the findings of fact made by the Circuit Judge cannot be disturbed if there is any evidence to support them. The question of whether or not the appellant's failure to specify in his appeal the points of law relied upon renders the appeal invalid, has not been raised by counsel in this case and no opinion is now expressed thereon.

The main issue between the parties is this: plaintiff claims that in 1891 her father, Daniel Barrett, made a gift to her of the nine head of cattle involved in the action or of other cattle of which the nine are the issue. On the other hand, the defendant, who purchased the cattle from W. S. Yowell, plaintiff's husband, claims that said cattle or other cattle of which these were the issue were given by said Barrett to Yowell himself in 1881 and were the property of Yowell and not of his wife. The Circuit Judge, after hearing the evidence offered on both sides, found that the gift was to the plaintiff in 1891. An examination of the record shows that Mrs. Yowell and one other witness, Makaukane (k), gave positive testimony to the effect that Daniel Barrett had made the gift to her in 1891. There was ample evidence to support the finding of the trial judge. Questions as to the credibility of the witnesses and the weight of the evidence were for him to pass upon. The finding cannot be disturbed.

The second question raised by counsel at the argument in this court, is that the gift, if any, in 1891 was to Mrs. Yowell and her children and that therefore the action cannot be sustained for non-joinder of parties plaintiff. The evidence on this point, while not entirely clear and satisfactory, is sufficient to sustain the finding of the court below that the gift was to the wife alone; and, if that was the fact, no question of non-joinder arises.

It is further contended by counsel for defendant that if the gift was in fact made to Mrs. Yowell in 1891, the plaintiff is now estopped from claiming the cattle by reason of her conduct in representing to the world that her husband was her agent for their sale. This defense is now presented for the first time and is utterly inconsistent with the position taken by the defendant

himself in the district court and before the Circuit Judge. In each of those trials his claim was that he had bought the cattle from Yowell and that they belonged to Yowell. He never recognized Mrs. Yowell as the owner, declined to so recognize her when, two or three days after the sale, she said to him that she was the owner, and did not at any time claim that he was misled by anything she said or did into believing that her husband was acting as her agent in the transaction. Defendant's theory and contention in both of those courts was that the gift was to Yowell in 1881 and that the latter was the owner of the property sued for at the time of the sale. We cannot hold as matter of law that the court below erred in finding on the evidence or proceeding on the theory, without making any specific finding, that Mrs. Yowell was not estopped by her conduct from setting up that the cattle were hers.

The appeal is dismissed and the cause remanded to the Circuit Judge of the Third Circuit for such further proceedings as may be proper.

*Smith & Parsons* for plaintiff.

*J. A. Magoon* for defendant.